IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-2-H-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| HARRY LANE HARDIE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today for a hearing on the competency of Defendant Harry Lane Hardie, Jr., ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4241 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Toby Lathan and Defendant, who was present in the courtroom, was represented by Mark Herring. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government then offered into evidence the Forensic Evaluation dated March 23, 2015, prepared by Megan L. Avery, M.S., Psychology Intern and Manuel E. Gutierrez, Psy.D, Forensic Psychologist and Supervisor of the Federal Correctional Institution-Butner, pursuant to an order entered January 14, 2015. The court admitted the Forensic Evaluation into evidence for the limited purpose of the hearing without objection and the same has been filed under seal.

According to the evaluation findings and diagnostic impressions contained in the Forensic Evaluation, including Defendant's diagnoses of Intellectual Disability, Antisocial Personality Disorder, Alcohol Use Disorder and Cannabis Use Disorder, Defendant is not able to understand the nature and consequences of the proceedings against him or assist properly in his

defense. The government offered no further evidence and concurred with the findings and conclusions contained in the Forensic Evaluation. Defendant offered no evidence and concurred with the findings of the Forensic Evaluation offered by the government.

After considering the positions of the parties and the findings and conclusions reached in the Forensic Evaluation, the court finds by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, Defendant is committed to the custody of the Attorney General. Pursuant to 18 U.S.C. 4241(d), the Attorney General shall hospitalize Defendant for treatment in a suitable facility--

> (1) for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. §§ 4241(d)(1), (2).

So ordered, the 13th day of April 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge