IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-2-H-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HARRY LANE HARDIE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today in accordance with 18 U.S.C. § 4241(d)(1) for purposes of determining whether, following Defendant's medical treatment and evaluation, Defendant has attained the mental capacity to permit the proceedings against him to go forward.

I.

By order dated January 14, 2015, this court directed that Defendant Harry Lane Hardie, Jr. ("Defendant") be committed to the custody of the Attorney General for an evaluation in accordance with 18 U.S.C. § 4241 to determine whether there was reasonable cause to believe he was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to assist properly in his defense. [DE-35]. Defendant was evaluated, and a report was prepared by Megan L. Avery, M.S., Psychology Intern and Manuel Guitierrez, Psy.D., Forensic Psychologist and Supervisor of the Federal Correctional Institution-Butner.

On April 13, 2015, a hearing was convened, pursuant to 18 U.S.C. §4247(d), at which Defendant, together with his counsel, Mark Herring, and an Assistant United States Attorney were present. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing. According to the evaluation findings and diagnostic impressions

contained in the report, including Defendant's diagnoses of Intellectual Disability, Antisocial Personality Disorder, Alcohol Use Disorder and Cannabis Use Disorder, Defendant was unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. The government offered no further evidence and concurred with the findings and conclusions contained in the report. Defendant offered no evidence and concurred with the findings of the report offered by the government.

Thereafter, this court determined by a preponderance of the evidence, that Defendant was then suffering from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [DE-119].

Accordingly, pursuant to 18 U.S.C. § 4241(d)(1), this court ordered Defendant committed to the custody of the Attorney General for hospitalization for treatment for such reasonable period of time, not to exceed four months, to determine whether there was a substantial probability that in the foreseeable future, Defendant would attain the capacity to permit these proceedings to go forward. *Id*. The court ordered at the conclusion of that period of time the mental health care provider conducting or overseeing Defendant's treatment prepare and submit to the court a written report, with copies provided to counsel for Defendant and the Government, detailing his or her professional observations, conclusions and recommendation regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capability to permit these proceedings to go forward. *Id*. The court ordered further that upon receipt and consideration by the court and counsel for the parties of the report, the court would determine whether Defendant should remain hospitalized and receive treatment for an additional

2

reasonable period of time until his mental condition was so improved that proceedings before the court could continue, or until the pending charges against Defendant are disposed of according to the law, whichever is earlier. *Id.* 18 U.S.C. § 4241(d)(2).

Thereafter, Defendant was evaluated and a written report dated September 8, 2015 ("Forensic Evaluation") was prepared by Joseph S. Zonno, Ph.D., a forensic psychologist at the Federal Medical Center Butner. Copies of the report were provided to the court and all counsel.

II.

This matter came before the court today for a hearing following Defendant's hospitalization and treatment to determine whether Defendant has attained the capacity to permit the proceedings to go forward in accordance with 18 U.S.C. § 4241(d). At the hearing the government was represented by Assistant United States Attorney Leslie Cooley and Defendant, who was present in the courtroom, was represented by Mark Herring. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government argued the findings contained in the Forensic Evaluation of Defendant. According to the Forensic Evaluation, Defendant possesses a rational and factual understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior and is able to assist in his defense in a reasonable and rational manner. Defendant did not contest the findings of the Forensic Evaluation and offered no evidence to the contrary.

III.

After consideration of the respective positions of the parties and the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that

3

Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the court finds Defendant's mental condition has improved such that the proceedings against him may go forward.

So ordered, the 16th day of October 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

4